UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMIE ANTHONY MAKUPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.  1:24-CV-219-CLC-SKL |
| | ) |
| GLENN JACOBS, RICKY OATES, | ) |
| JUDGE DUANE SLOAN, and REBECCA | ) |
| V. LEE, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

Plaintiff, a Jefferson County Detention Center inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting claims regarding his sentence and the dismissal of a § 1983 lawsuit he previously filed in this District [Doc. 1], as well as a motion for leave to proceed *in forma pauperis* [Doc. 5]. The Court will address Plaintiff's motion [Doc. 5] before screening the complaint [Doc. 1].

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 5] that Plaintiff cannot pay the filing fee in one lump sum, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter,

the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Also, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts

liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B. **Allegations**

Plaintiff alleges his sentence has been incorrectly calculated in a manner that subjects him to double jeopardy, and "[he] feel[s] kidnapped and unlawfully sentenced" [Doc. 1 at 3–4]. Plaintiff also alleges he has been "held unlawfully" due to filing a lawsuit, and Defendant Mayor Glenn Jacobs told Plaintiff he paid a judge to dismiss the lawsuit, even though Plaintiff states a lawsuit can only be dismissed after a court appearance [*Id.* at 4]. Plaintiff has sued Public Defender Rebecca V. Lee, Mayor Glenn Jacobs, Ricky Oates, and Judge Duane Sloan [*Id.* at 3]. As relief, Plaintiff requests $100,000,000 and release [*Id.* at 5].

C. **Analysis**[1]

For the reasons set forth below, the complaint fails to state a claim upon which relief may be granted under § 1983.

---

[1] As Plaintiff's claims appear to be unrelated and against different Defendants, they are not properly joined herein. While a plaintiff may join as many claims as he has against an opposing party under Rule 18(a), Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, plaintiffs cannot join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim

3

1. **Sentence**

Plaintiff does not provide any facts from which the Court can plausibly infer that either Defendant Mayor Glenn Jacobs or Defendant Ricky Oates was personally involved in Plaintiff's allegedly miscalculated or unlawful sentence. *Iqbal*, 556 U.S. at 676 (providing that to state a claim against an individual defendant, the plaintiff must adequately plead that the defendant, by his or her own actions, has violated the constitution); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Also, while Plaintiff makes a general statement that his sentence arises from "an atrocity" on the part of the public defender in the General Sessions Court [*Id.* at 2], to the extent that the Court can liberally construe this allegation as an attempt to hold Defendant Public Defender Lee or Defendant Judge Sloan liable under § 1983 for Plaintiff's sentence, such claims cannot proceed under § 1983. Specifically, Defendant Public Defender Lee is not a state actor while acting as Plaintiff's public defender. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (providing that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"). Also, Defendant Judge Sloan is entitled to absolute judicial immunity from suit for actions taken in his judicial capacity. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 355–64 (1978).

---

against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases)). Regardless, the Court will screen Plaintiff's claims and dismiss the complaint because it fails to state a plausible claim for violation of § 1983.

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 regarding Plaintiff's sentence.

### 2. Lawsuit Allegations

As set forth above, Plaintiff also alleges that he has been improperly held due to a lawsuit he filed, and that Defendant Glenn Jacobs told Plaintiff that he paid a judge to dismiss that lawsuit, even though the lawsuit should not have been dismissed without Plaintiff first coming to court [Doc. 1 at 4]. It is apparent that this claim arises out of the dismissal of Plaintiff's § 1983 lawsuit by a Court in this District. *Makupson v. Lee, et al.*, No. 1:24-CV-129 (E.D. Tenn. May 10, 2024) (dismissed because the complaint failed to state a claim upon which relief could be granted under § 1983).[2]

But as Plaintiff does not allege that any Defendant is personally responsible for holding Plaintiff due to this civil lawsuit, his statement that he has been held because of that lawsuit fails to state a § 1983 claim against any Defendant. *Iqbal*, 556 U.S. at 676; *Frazier*, 41 F. App'x at 764.

Also, the Court liberally construes Plaintiff's statement that Defendant Mayor Glenn Jacobs told Plaintiff that this Defendant paid a judge to dismiss Plaintiff's prior lawsuit to attempt to state a claim for denial of access to courts. However, the Court in this District dismissed Plaintiff's prior lawsuit because it failed to state a claim upon which relief may be granted under § 1983. *Makupson*, No. 1:24-CV-129 at Docs. 10, 11. And Plaintiff has not alleged or shown that the claims in that case had merit. Accordingly, this allegation fails to rise to the level of a constitutional violation. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a

---

[2] Notably, in that lawsuit, Plaintiff made allegations about, among other things, working with Elon Musk and torture through an "electro Exoforlagagy [sic] Device" and "the Pro Bar." *Makupson*, No. 1:24-CV-129 at Doc. 9 at 1.

plaintiff must plead and prove that his meritorious claims have been prejudiced to state a claim for denial of access to courts (citing *Lewis v. Casey*, 518 U.S. 343 (1996))).

As such, Plaintiff's complaint also fails state a claim upon which relief may be granted under § 1983 as to the allegations regarding his prior lawsuit.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**